UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
a Florida limited liability company,

           Plaintiff,

vs.

NOKIA CORPORATION, a Finnish
corporation, and NOKIA INC., a
Delaware corporation,

           Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Rothschild Storage Retrieval Innovations, LLC ("RSRI"), by and through its undersigned counsel, sues Defendants Nokia Corporation and Nokia Inc. (collectively "Defendants"), and states as follows:

### THE PARTIES

1. RSRI is a limited liability company organized and existing under the laws of the State of Florida, with its registered office and principal place of business located at 1108 Kane Concourse, Suite 310, Bay Harbor Islands, Florida 33154.

2. Upon information and belief, Defendant Nokia Corporation is a corporation organized under the laws of Finland with its principal place of business at Keilalahdentie 2-4, FIN-02150, Espoo, Finland.

3. Upon information and belief, Defendant Nokia Inc. ("Nokia"), a wholly-owned subsidiary of Nokia Corporation, is a Delaware corporation having its principal place of business at 6021 Connection Dr., Irving, Texas 75039.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this controversy is between citizens of different States, and between citizens of a State and citizens or subjects of a foreign state.

6. This Court has personal jurisdiction over Nokia Corporation and Nokia because the cause of action alleged herein arises from, without limitation:

   a. Nokia Corporation's and Nokia's operating, conducting, engaging in, or carrying on a business or business venture in Florida and/or having an office or agency in Florida, pursuant to Section 48.193(1)(a)(1), Florida Statutes; and/or

   b. Nokia Corporation's and Nokia's committing of one or more tortious acts in Florida, pursuant to Section 48.193(1)(a)(2), Florida Statutes.

7. Personal jurisdiction over Nokia Corporation and Nokia is also proper under Section 48.193(2), Florida Statutes, because each Defendant is engaged in substantial and not isolated activity within Florida.

8. Nokia Corporation and Nokia have had sufficient minimum contacts with Florida to satisfy constitutional due process requirements, such that the maintenance of the suit in this

State and District does not offend traditional notions of fair play and substantial justice. Specifically and without limitation, Plaintiff's cause of action arises directly from each Defendant's business contacts and other activities in Florida and this District, each Defendant has purposefully and voluntarily availed itself of the privilege of conducting business and other commercial activities within Florida and this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that such goods will be purchased by consumers in Florida and this District, and each Defendant's contacts with Florida and this District are such that each of them should reasonably anticipate being haled into court in this District.

9. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that, each Defendant is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief, each Defendant has committed acts of infringement in this District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District.

10. Upon information and belief, Nokia Corporation may be served with process at Keilalahdentie 2-4, FIN-02150, Espoo, Finland pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

11. Nokia's registered agent for service of process in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## COUNT I – PATENT INFRINGEMENT
## INFRINGEMENT OF U.S. PATENT NO. 8,437,797

### (ALL DEFENDANTS)

12.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-11 above as though fully set forth herein.

13.     U.S. Patent No. 8,437,797 (the '797 Patent"), titled "Wireless Image Distribution System and Method," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2013, and invented by Leigh M. Rothschild.  By assignment, RSRI is the owner of all rights, title, and interest in and under the '797 Patent.  A true and correct copy of the '797 Patent is attached hereto as Exhibit A.

14.     Each and every claim of the '797 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims.  *See* 35 U.S.C. § 282.

15.     Defendants have at no time, either expressly or impliedly, been licensed under the '797 Patent.

16.     RSRI is informed and believes, and thereupon alleges, that Defendants, without authorization or license, have been, and are currently directly or indirectly infringing one or more claims of the '797 Patent in violation of 35 U.S.C. § 271, including as stated below.

17.     RSRI is informed and believes, and thereupon alleges, that Defendants have directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe each patent claim of the '797 Patent by making, using, selling, offering to sell, and/or importing into the United States products that embody or practice the apparatus and/or method covered by one or more claims of the '797 Patent, including but not limited to Windows devices such as Defendants' Lumia 930 and 2520 (collectively referred to as "Accused Products").  The

Accused Products' infringing functionalities include but are not limited to sharing a group of photos based on their geographic location, called "Nokia Storyteller," to another mobile device.

18.     On information and belief, since at least their dates of notice, Defendants have actively induced and continue to induce infringement of the '797 Patent, under 35 U.S.C. § 271(b), attributable to any one person, including but not limited to mobile device users, who buy, use, make, sell, offer for sale, resell, practice, and/or import the Accused Products that fall within the scope of one or more claims of the '797 Patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the Southern District of Florida, and thereby infringe the '797 Patent. Defendants' acts of active inducement has been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '797 Patent. On information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*, selling, offering to sell, and/or instructing the use of Accused Products with mobile imaging distribution technologies preinstalled in the Accused Products.

19.     Defendants' acts of infringement have caused and will continue to cause substantial and irreparable damage to RSRI.

20.     As a result of the infringement of the '797 Patent by Defendants, RSRI has been damaged. RSRI is, therefore, entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

WHEREFORE, Plaintiff demands entry of judgment against all Defendants as follows:

A.      A judgment that Defendants have infringed and continues to infringe the '797 Patent, directly and/or indirectly by way of inducing to infringement of such patents as alleged herein;

B. That Defendants provide to RSRI an accounting of all gains, profits and advantages derived by Defendants' infringement of the '797 Patent, and that RSRI be awarded damages adequate to compensate them for the wrongful infringement by Defendant in accordance with 35 U.S.C. § 284;

C. That RSRI be awarded any other supplemental damages and interest on all damages, including but not limited to reasonable attorneys' fees, available under 35 U.S.C. § 285;

D. That the Court permanently enjoin Defendants and all those in privity with Defendants from making, having made, selling, offering for sale, distributing and/or using products that infringe the '797 Patent, including the Accused Products, in the United States; and

E. That RSRI be awarded such other and further relief and all remedies available at law.

## JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b), RSRI demands a trial by jury on all issues so triable.

Dated: July 16, 2014

        Respectfully submitted,

        DIAZ REUS & TARG, LLP
        100 Southeast Second Street
        3400 Miami Tower
        Miami, Florida 33131
        Telephone: (305) 375-9220
        Facsimile: (305) 375-8050

        /s/   Michael Diaz, Jr.
        _____

        Michael Diaz, Jr.
        Florida Bar No. 606774
        E-mail: mdiaz@diazreus.com
        Brant C. Hadaway
        Florida Bar No. 494690

E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

*– AND –*

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Of Counsel*