UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-cv-22657-DPG**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
a Florida limited liability company,

                    Plaintiff,

vs.

NOKIA INC.,
A Delaware corporation,

                    Defendant.

_____/

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY</u>

Plaintiff Rothschild Storage Retrieval Innovations, LLC ("RSRI") responds to Defendant Nokia Inc.'s ("Nokia") completely unnecessary motion to stay pending *inter partes* review. While RSRI disagrees with the allegations in Nokia's motion, RSRI offered to agree to a stay if Nokia would agree to: (1) a limited estoppel, as required by the sister proceedings in the Northern District of California, and (2) an automatic lift of the stay pending final decision on the IPR. *See* Andrew Howard Declaration ("Howard Decl."), Exhibit A. These conditions are necessary because this case is behind schedule due to Nokia's refusal to answer for a year and because judicial economy would be undermined unless Nokia is estopped from rearguing issues currently before the Patent Trial and Appeal Board ("PTAB"). *Id.*

Nokia refused and, unfortunately, has burdened the Court with this motion. Accordingly, RSRI responds and asks that the terms of a stay be consistent with the conditions outlined herein.

## I.      BACKGROUND

This case was filed in July of 2014, but Nokia has not answered. In May of 2015, various related cases were stayed pending an *inter partes* review of the patent at issue.[1] Motorola, a real party in interest in the IPR, is estopped from asserting that a claim is invalid on any ground that was raised or reasonably could have raised during the *inter partes* review. 35 U.S.C. § 315 (e)(2). The related cases in California were stayed under the condition that the California defendants, who were not identified as real parties in interest, be "estopped from arguing any ground raised in the IPR on which a final decision is rendered." D.E. 31-2 at 4.

Nokia did not file a motion to stay at either of those times, but waited until the Court submitted an order setting a status conference. *See* Howard Decl., Ex. A.

In the parties' correspondence, RSRI repeatedly proposed: (1) a limited estoppel, and (2) for the stay to be automatically lifted at the conclusion of the IPR, without prejudice to the parties moving to seek another stay upon an appeal of the IPR. RSRI further noted that Nokia's proposed non-opposition must "note that [RSRI] do[es] not agree with the contentions in [Nokia's] motion, but only that [RSRI] do[es] not oppose for interests of judicial and party economy." *Id.*

## II.      ARGUMENT AND AUTHORITY

A.      *A limited estoppel is a predicate to any judicial efficiency.*

As one court explained, "[the limited estoppel] results in a more streamlined litigation and reduces the likelihood of inconsistent judgments." *CANVS Corp. v. United States*, 118 Fed.

---

[1] Related cases that are currently stayed: **California:** *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA), Inc.*, No. 15-cv-00234-EDL, Dkt. 80 (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. HTC Corp., et al.*, No. 15-cv-00373-EDL, Dkt. 64 (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. Samsung Electronics Co. Ltd., et al.*, No. 15-cv-00539-EDL, Dkt. 85 (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. Apple Inc.*, No. 15-cv-00541-EDL, Dkt. 79 (N.D. Cal.). **Florida:** *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, No. 1:14-cv-22659-RNS, Dkt. 108 (S.D. Fla.).

Cl. 587, 594 (2014) (quoting *PersonalWeb Tech., LLC v. Google, Inc.*, No. 5:13-cv-1317-EJD, 2014 WL 4100743, at \*5 (N.D. Cal. Aug. 20, 2014)). This concept was directly incorporated in the decision on the other non-party motions to stay in the Northern District of California: "[the] decision to grant a stay is conditioned on Defendants' agreement to be estopped from arguing any ground raised in the IPR on which a final decision is rendered." D.E. 31-2 at 4. It found that "[w]ith this condition in place, a stay has the potential to greatly simplify these Court proceedings, weighing in favor of a stay." *Id.* at 14. Nokia is attempting to obtain a stay based upon the same proceedings in the PTAB, but to retain the ability to re-try the issues raised in that proceeding once the IPR is concluded. This would utterly defeat the purpose of judicial economy obtained by entering a stay in the first place.

Accordingly, RSRI respectfully requests that, if a stay is granted, Nokia should be held to the same estoppel as all of the other non-party defendants in related cases. A proposed order with this condition is attached as Exhibit 1.

> B.      *The stay should be automatically lifted at the conclusion of the IPR.*

Nokia has laid behind the log on this case for more than a year, and hopes to continue to do so by seeking an indefinite stay. RSRI respectfully requests that the stay be automatically lifted upon the conclusion of the IPR so that it can attempt to obtain a scheduling order to put this case on schedule with the related cases. If any appeal is filed, either party can move to reinstate the stay at that time. RSRI's proposed order also incorporates this provision. *See* Exhibit 1.

## III.    CONCLUSION

Nokia's motion is completely unnecessary outside of its attempt to obtain an unfair advantage by avoiding any estoppel and obtaining an indefinite stay. Nokia could have simply

agreed to those provisions and avoided burdening the Court with motion practice. RSRI

respectfully requests that its proposed order be executed and entered.

Dated: September 17, 2015                    Respectfully submitted,


                                             DIAZ REUS & TARG, LLP
                                             100 Southeast Second Street
                                             3400 Miami Tower
                                             Miami, Florida 33131
                                             Telephone: (305) 375-9220
                                             Facsimile: (305) 375-8050


                                             /s/      Brant C. Hadaway
                                             _____

                                             Michael Diaz, Jr.
                                             Florida Bar No. 606774
                                             E-mail: mdiaz@diazreus.com
                                             Brant C. Hadaway
                                             Florida Bar No. 494690
                                             E-mail: bhadaway@diazreus.com
                                             Xingjian Zhao
                                             Florida Bar No. 86289
                                             E-mail: xzhao@diazreus.com

                                             *Counsel for Plaintiff*


                                                        *– AND –*

                                             Andrew M. Howard
                                             Texas Bar No. 24059973
                                             E-Mail: ahoward@shorechan.com
                                             SHORE CHAN DEPUMPO LLP
                                             901 Main Street, Suite 3300
                                             Dallas, Texas 75202
                                             Telephone: (214) 593-9110
                                             Facsimile: (214) 593-9111

                                             *Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/     Brant C. Hadaway

Brant C. Hadaway